TJOFLAT, Circuit Judge,
specially concurring.
I concur in the court’s judgment. I concur without qualification in the affix *145 manee of Johnson’s conviction. I concur in the court’s affirmance of Johnson’s sentence only because binding precedent requires that the sentence be upheld. It must be upheld “[b]ecause the district court never indicated that it would have sentenced Johnson differently if the Guidelines were advisory rather than mandatory.” Ante at-.
As I have explained at length, our precedent, United States v. Rodriguez[2] and its progeny, including United States v. Shelton (relied on by the court, ante at-), though Booker error, which is “plain,” has occurred, we are precluded from vacating the defendant’s sentence unless the record “contains some indication that the district court would have imposed a lesser sentence had the law permitted it to treat the guidelines as advisory rather than mandatory. We look to what the court said prior to or in the course of imposing sentence. We look for what I call ‘magic words.’” United States v. Thompson, 422 F.3d 1285, 1302 (11th Cir.2005) (Tjoflat, J., specially concurring). This “magic words” standard is bad law; it does “disservice ... to rule-of-law values, to the criminal justice system in general, and to the defendant in particular.” Id., at 1304 n. 2. Why so? Because telling the defendant that but for the mandatory nature of the guidelines he would receive a lesser sentence is, in so many words, telling the defendant that the sentence he is receiving is “unjust and unfair.” Id. at 1303. Having heard this from the court, itself, the defendant is inclined to believe it and, moreover, is “unlikely to accept the justice of his punishment and ‘enter the correctional system in a frame of mind that affords hope for success in rehabilitation over a shorter period of time than might otherwise be necessary.’ ” Id. (internal citations omitted). Furthermore, “[t]he judge may also unwittingly encourage the defendant to persist in attacking his sentence on direct appeal and collateral review, notwithstanding that its substance and the manner of its imposition are legally correct.” Id. at 1303-04.
Were we not bound by precedent, I would vacate Johnson’s sentence and remand the case for a new sentencing hearing held under the sentencing model Booker has created.

. 406 F.3d 1261 (11th Cir.2005).